IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

Plaintiff,

Vs.                                                        No. 07-40135-01-SAC

TERESA MANZANAREZ,

Defendant.


MEMORANDUM AND ORDER

The case comes before the court on the defendant's two

unresolved objections to the presentence report ("PSR") as appearing in

the PSR addendum.  The sole defendant named in an eleven-count drug

trafficking indictment, the defendant pleaded guilty to count one--

conspiracy to possess with intent to distribute 500 grams or more of

methamphetamine.  The PSR recommends a base offense level of 36

pursuant to U.S.S.G. § 2D1.1(c)(2) (on a finding of 11.91 kilograms of

methamphetamine involved in the offense), a two-level enhancement for

possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1)), a two-level

reduction for meeting the safety valve criteria pursuant to U.S.S.G. §

2D1.1(b)(11), and a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1.  With a total offense level of 33 and a criminal history category of one, the guideline range is 135 to 168 months. The defendant's objections challenge the drug quantity finding used to determine the base offense level and the firearm finding used for the dangerous weapon enhancement.

**Defendant's Objection No. 1**:  The defendant argues against being held accountable for a series of large sales of methamphetamine in 2006 between her husband, Indelfonso Vazquez Martinez, and Karmet Gibson. The defendant denies participating, knowing or having reason to know about these isolated large sales by her husband.  She asserts that she has never met Gibson and has never collected proceeds from him.  She points to the recorded telephone conversations and to the stipulation in the plea agreement as showing her role was limited to collecting drug proceeds in much smaller amounts than involved in these challenged transactions.  The defendant asks the court to deduct these large sales from the relevant conduct calculations and to hold her responsible for 576.77 grams of methamphetamine with a corresponding offense level of 32.

        The government's position is that the PSR correctly determines

drug quantities and that the defendant as a co-conspirator is accountable for the same drug quantities used in setting her husband's sentence because every drug transaction was reasonably foreseeable to her.  The government characterizes the defendant's role as handling business when her husband was absent which included collecting proceeds and supplying drugs for co-conspirators to sell.

**Ruling**:  The Sentencing Guidelines "permit a court to consider all 'relevant conduct' when determining the base offense level for someone convicted of an offense."  *United States v. Asch*, 207 F.3d 1238, 1243 (10th Cir.2000) (citations omitted).  "The Government has the burden of proving the quantity of drugs by a preponderance of the evidence."  *United States v. Gigley*, 213 F.3d 509, 518 (10th Cir. 2000).  "In a controlled substances case, a defendant is 'accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.'" *United States v. Lauder*, 409 F.3d 1254, 1267 (10th Cir. 2005) (quoting U.S.S.G. § 1B1.3, comment. (n.2)); *see also United States v. Dazey*, 403 F.3d 1147, 1176 (10th Cir. 2005) ("A defendant convicted of conspiracy is

accountable for reasonably foreseeable conduct in furtherance of the jointly undertaken criminal activity.")  "When a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence."  *United States v. Shinault*, 147 F.3d 1266, 1278 (10th Cir.) (citation omitted), *cert. denied*, 525 U.S. 988 (1998).  Evidence relied upon in proof of a sentencing fact "must possess a minimum indicia of reliability."  *United States v. Cruz Camacho*, 137 F.3d 1220, 1225 (10th Cir.1998).

The Guidelines contemplate that "relevant conduct is not necessarily the same for every" conspirator.  U.S.S.G. § 1B1.3, comment. (n.2).  In arriving at a quantity for which a defendant should be accountable, the court:

> must first determine the scope of the criminal activity the particular defendant agreed to jointly undertake (i.e., the scope of the specific conduct and objectives embraced by the defendant's agreement). The conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant is relevant conduct under this provision.
> . . . .
> With respect to offenses involving contraband (including controlled substances), the defendant is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook.

4

U.S.S.G. § 1B1.3, comment. (n.2).  In other words, a conspirator is not necessarily accountable for all acts that foreseeably stem from his criminal conduct, for "accountability only extends to the criminal activity that he agreed to undertake." *United States v. Dazey*, 403 F.3d at 1176.  Nor is the scope of a conspirator's "jointly undertaken criminal activity . . . necessarily the same as the scope of the entire conspiracy." *United States v. McClatchey*, 316 F.3d 1122, 1128-29 (10th Cir. 2003) (quotation and citation omitted).  "In particular, '[t]he fact that the defendant is aware of the scope of the overall operation is not enough to [establish the scope of the defendant's agreement] and therefore, is not enough to hold him accountable for the activities of the whole operation.'" *United States v. McClatchey*, 316 F.3d at 1129 (quoting *United States v. Campbell*, 279 F.3d 392, 400 (6th Cir.2002)).  "In determining the scope of the criminal activity that a defendant has agreed to jointly undertake, the court may consider any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others." *United States v. Tran*, 285 F.3d 934, 938 (10th Cir. 2002) (quotation and citation omitted).  The burden is with the government to "prove by a preponderance of the evidence the factual basis for attributing the conduct of coconspirators to the defendant

for sentencing purposes."  *United States v. McClatchey*, 316 F.3d at 1128 (citation omitted).

A sentencing court may rely on estimates in making a drug quantity determination when actual drugs have not been seized.  *United States v. Ruiz-Castro*, 92 F.3d 1519, 1534 (10th Cir. 1996) (quotations omitted), *overruled on other grounds*, *United States v. Flowers*, 441 F.3d 900 (10th Cir. 2006).  The quantity determinations may be "based on a variety of circumstances, so long as they have some basis of support in the facts of the particular case."  *United States v. Nieto*, 60 F.3d 1464, 1469 (10th Cir.1995) (quotation omitted), *cert. denied*, 516 U.S. 1081 (1996). The need to estimate is not a license for guesswork.  *United States v. Higgins*, 282 F.3d 1261, 1280 (10th Cir. 2002).  In choosing between several plausible estimates, none of which is more likely the correct quantity, the court "must err on the side of caution."  *Id.* (quotation omitted).

Mindful in its application of these propositions to err on the side of caution, the court is not persuaded from the uncontroverted findings of the PSR that the defendant's husband's weekly sales of five pounds of methamphetamine for five consecutive weeks in 2006 to Gibson were reasonably foreseeable to the defendant.  First, the PSR does not establish

6

that the defendant knew about or that the defendant was directly involved in any way with these isolated large transactions. Second, as stated in the PSR, these transactions were negotiated directly between Gibson and the defendant's husband and then occurred at a remote site without person-to-person exchanges. Third, the PSR describes the extent of the defendant's involvement as taking orders from her husband to collect and retain certain drug proceeds or conducting smaller transactions at her husband's direction when he was absent. Fourth, the drug proceeds and the drug quantities mentioned in the recorded conversations between the defendant and her husband are significantly smaller and not consistent with the substantial and sizable methamphetamine sales to Gibson. Fifth, the defendant was employed as a general laborer during this relevant period in order to support her family that included four children. Sixth, the recorded conversations include her expressed concern over having sufficient funds to pay household bills. All of these circumstances lead the court to find that the defendant did not reasonably foresee or believe she was involved with a conspiracy that was distributing such large sums of methamphetamine. The defendant's objection is sustained. The court finds the defendant's base offense level is 32 using the remaining 576.77 grams of

7

methamphetamine outlined in the PSR.

**Defendant's Objection No. 2**:  The defendant contends the PSR fails to

provide a sufficient connection between the unloaded firearm and the drug

trafficking convictions to sustain a dangerous weapon enhancement.  While

the firearm was found in her home, there were no drugs located in the

search of her home.  She further denies that the firearm was reasonably

foreseeable to her.

　　**Ruling:**　Section 2D1.1(b)(1) provides: "If a dangerous weapon

(including a firearm) was possessed, increase by 2 levels."  The application

notes explain that "[t]he adjustment should be applied if the weapon was

present, unless it is clearly improbable that the weapon was connected with

the offense."  U.S.S.G. § 2D1.1, comment. (n. 3).  The government bears

the initial burden of proving possession by a preponderance of the

evidence.  *United States v. Smith*, 131 F.3d 1392, 1400 (10th Cir. 1997),

*cert. denied*, 522 U.S. 1141 (1998).  This burden may be satisfied by

showing that there is a temporal and spatial relationship between the

weapon, the drug trafficking activity, and the defendant.  *United States v.*

*Pompey*, 264 F.3d 1176, 1180 (10th Cir. 2001), *cert. denied*, 534 U.S.

1117 (2002).  In a conspiracy case, the government is not required to prove

8

that the defendant personally possessed the firearm.  *United States v. Smith*, 131 F.3d at 1400.  A sentencing court may "attribute to a defendant weapons possessed by his codefendants if the possession of weapons was known to the defendant or reasonably foreseeable by him." *United States v. McFarlane*, 933 F.2d 898, 899 (10th Cir. 1991).  "Once the government establishes that the gun was possessed in proximity to the drugs or transaction, the burden shifts to the defendant to show it is clearly improbable that the weapon was related to the offense."  *United States v. Flores*, 149 F.3d 1272, 1280 (10th Cir. 1998) (internal quotation omitted), *cert. denied*, 525 U.S. 1092 (1999).  "[I]t is not necessary for the Government to show that drugs and money changed hands near the weapon; the weapon may simply serve as a potentially deadly means of protecting the trafficker's goods, thereby increasing the danger of violence." *United States v. Alexander*, 292 F.3d 1226, 1231 (10th Cir. 2002) (quoting *United States v. Flores*, 149 F.3d at 1280).

The evidence set out in the PSR is sufficient for the court to find that the government has carried its burden of proving possession, that is, the existence of a temporal and spatial relation between the handgun found in the defendant's home, the offense of conviction, and the defendant.  The

9

temporal and spatial relationship is shown by the recorded conversations between the defendant and her husband and other co-conspirators.  The defendant interacted personally with suppliers, distributors, and buyers in the conspiracy.  At her husband's direction, she collected and monitored certain drug proceeds and even received and possessed some of them at her home.  The conversations reveal that the defendant appreciated the threatening and potentially violent nature of their drug trafficking business. The reasonable and fair inference is that the handgun was kept at the defendant's home in part to protect the drug proceeds as well as herself and family during these illegal transactions.

A telephone conversation between the defendant's husband and another co-conspirator directly establishes another basis for the handgun's connection to the drug conspiracy.  In that conversation, the defendant's husband tells the co-conspirator that there is a "job" for him and asks if he has a gun.  When the co-conspirator indicates that he doesn't, the husband offers his gun.  Based on the danger associated with these recorded phone calls, a search warrant for the defendant's residence was obtained immediately, and the .45 caliber handgun in question was found during that search.  The connection between this handgun and the

10

conspiracy is plain from this conversation.  As noted above, the defendant displayed in the conversations an understanding of the dangers and risks involved in their drug trafficking conspiracy.  Consequently, the court is satisfied it was reasonably foreseeable to the defendant that her husband would use dangerous weapons as part of the drug trafficking conspiracy. The defendant's objection is overruled.

The court's above rulings result in a total offense level of 29 and a guideline range of 87 to 108 months.

IT IS THEREFORE ORDERED that the defendant's objections to the PSR are granted in part and denied in part.

Dated this 10th day of February, 2009, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge